UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20411-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.

YOHANA CARIDAD BRAVO,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for the Defendant Yohana Caridad Bravo. (ECF No. 555). I held that hearing on May 10, 2019, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1.    At the outset of the hearing, I told Defendant of her right to have these proceedings conducted by the Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant, and make all findings and rulings concerning the Defendant's sentence.

2.    Defendant was made aware that she did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney and the Assistant

United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3.      I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.      The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that she carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Count 1 of the Superseding Indictment, which charges Defendant with conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349. The government agrees to seek dismissal of the remaining counts of the Superseding Indictment, as to Defendant, after sentencing.

5.      The parties also agreed to a written factual proffer, and had that document with them at the hearing. This too was later filed with the Court. Defendant said that she read that factual proffer, and agreed to its accuracy; she also confirmed that she signed it. Government counsel stated a factual basis for the entry of Defendant's guilty plea, and identified all of the essential elements of the offense to which the Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also explained in her own words, how she committed the crime charged in the Superseding Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged

2

that she understood these possible penalties, including the maximum twenty (20) year period of imprisonment.

6.      Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that her guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of Count 1 of the Superseding Indictment.

7.      The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that her **sentencing has been scheduled for July 16, 2019, at 10:00 a.m., before the Honorable Donald M. Middlebrooks, at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Courtroom 1155, Miami, Florida, 33132**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Count 1 of the Superseding Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 10th day of May, 2019, at Miami, Florida.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable Donald M. Middlebrooks
     Counsel of record